UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-12855-RGS

JESUS ADRIAN BARRAZA-ROJAS

v.

WARDEN F.J. BOWERS, *et al.*

ORDER

January 29, 2025

STEARNS, D.J.

*Pro se* petitioner Jesus Adrian Barraza-Rojas, who is confined at FMC Devens, has filed a petition for a writ of habeas corpus and a motion for appointment of counsel. For the reasons set forth below, the court DENIES the petition and DISMISSES this action.[1]

Barraza-Rojas is confined at FMC Devens for the purpose of undergoing an evaluation of his competency to stand trial in *United States v.*

---

[1] The court recognizes that Barraza-Rojas has not had a full opportunity to respond to the government's January 17, 2025 response to the petition, Dkt #6. However, in light of the court's authority to dismiss a habeas petition without even requiring a response from the respondent, *see* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to 28 U.S.C. § 2241 cases pursuant to Rule 1(a)); 28 U.S.C. § 2243, this dismissal is not premature.

*Jesus Adrian Barraza-Rojas*, Crim. No. 3:23-01683 (W.D. Tex.), in which he is charged with illegal reentry. Barraza-Rojas is not clear in his lengthy petition why he believes this confinement is in violation of federal law, but the nature of his argument is irrelevant to the disposition of this action.

Habeas corpus is an extraordinary remedy that is generally available only in the absence of any other remedy. *See Stack v. Boyle*, 342 U.S. 1, 6 (1951). Here, habeas corpus is not the only remedy available to Barraza-Rojas. He may raise all the matters addressed in his petition with the judicial officer presiding over the pending criminal action. *See Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) (stating that "[i]t is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"); *Whitmer v. Levi*, 276 Fed. App'x 217, 219 (3d Cir. 2008) (per curiam) ("[Petitioner]'s claims relating to pending criminal charges should have been raised in his criminal case, not a habeas petition under 28 U.S.C. § 2241"); *Garey v. Fed. Det. Ctr.*, 180 Fed. App'x 118, 121 (11th Cir. 2006) (per curiam) (affirming dismissal of § 2241 petition because petitioner's claims "should have been raised in his pending criminal case"). Whether defense counsel deems it appropriate to raise in the criminal action the matters Barraza-Rojas discusses in his petition is not a matter for the undersigned.

Accordingly, the petition is DENIED, and this action is DISMISSED. The motion for counsel shall be terminated as moot. The court certifies that an appeal of this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE